```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
INDER KAINTH,
                    Plaintiff,                MEMORANDUM & ORDER
                                              08-CV-0934(JS)(ARL)
         - against -

BRYAN L SALAMONE, ESQ.,
ANDREW M. CUOMO, ATTORNEY GENERAL
OF NEW YORK, JUSTICE JOHN C. BIVONA,
SUFFOLK COUNTY SUPREME COURT, C.
ISLIP, USHA SRIVASTAVA, ESQ.,
CHRISTINE MALAFI, SUFFOLK COUNTY
ATTORNEY, JOHN R. PETROSKI,
SUFFOLK COUNTY ASSISTANT ATTORNEY,
ALETHA V. FIELDS-FERRARO, SUFFOLK
COUNTY FAMILY COURT SUPPORT
MAGISTRATE, SUFFOLK COUNTY SUPPORT
COLLECTION UNIT, SUFFOLK COUNTY
COMMISSIONER OF SOCIAL SERVICES,
SUFFOLK COUNTY SHERIFF'S DEPARTMENT,
JOHN & JANE DOE, CLERK OF SUFFOLK
COUNTY FAMILY COURT, PRITPAL
RISHIRAJ,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Inder Kainth, Pro Se
                    301 S. Atlantice Ave. E.
                    Stratford, NJ 08084

For Defendants:

Andrew Cuomo,
Justice John C.
Bivona, Aletha V.
Fields-Ferraro
John & Jane Doe,
Clerk of Suffolk
County Family Court  Dorothy O. Nese, Esq.
                     Office of the New York State Attorney
                     General
                     200 Old Country Road
                     Mineola, NY 11501

Marian C.
Rice, Usha
Srivastava,          Marian C. Rice, Esq.
```

|                                                                                                              |                                                                                                                                                      |
|--------------------------------------------------------------------------------------------------------------|------------------------------------------------------------------------------------------------------------------------------------------------------|
|                                                                                                              | L'Abbate, Balkan, Colavita & Contini, L.L.P.<br>1050 Franklin Avenue<br>Garden City, NY 11530                                                        |
| Christine Malafi, John R Petrowski, Suffolk County Commissioner of Social Services, Suffolk County Sheriff's Dept. | Arlene S. Zwilling, Esq.<br>Office of the Suffolk County Attorney<br>H. Lee Dennison Building-Fifth Floor<br>100 Veterans Memorial Highway<br>Hauppauge, NY 11788-0099 |
| Wachovia Bank                                                                                                | Anthony Louis Cotroneo, Esq.<br>Rosner Nocera & Ragone, LLP<br>110 Wall Street<br>New York, NY 10005                                                 |
| AXA Equitable Life Ins. Co.                                                                                  | Russell Alan Divak, Esq.<br>AXA Equitable Life Insurance Company<br>1290 Avenue Of The Americas<br>New York, NY 10104                                |

SEYBERT, District Judge:

On February 29, 2008, pro se Plaintiff Inder Kainth commenced this action alleging that Defendants abridged his constitutional rights during custody and child support proceedings held in the Suffolk County Supreme Court. On May 15, 2008, the Court sua sponte dismissed Plaintiff's Complaint. On June 20, 2008, Plaintiff filed his First Amended Complaint. On July 21, 2008, the Court dismissed Plaintiff's First Amended Complaint. On October 3, 2008, the Plaintiff filed his Second Amended Complaint.

Presently pending before the Court are Attorney General Andrew Cuomo, Supreme Court Justice John Bivona, Suffolk County

Family Court Support Magistrate Aletha Fields-Ferraro, John & Jane Doe, Clerk of Suffolk County Family Court, Wachovia Bank Legal Order Processing, and AXA Equitable Life Insurance Company's motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the Court GRANTS the Defendants' motions to dismiss and dismisses Plaintiff's Complaint in its entirety.

BACKGROUND

This case arises out of a child custody dispute between Plaintiff and his former spouse, Ptitpal Rishiraj ("Rishiraj"). In late 2001, a New York State appointed law guardian, Defendant Usha Srivastava ("Srivastava"), requested that Plaintiff bring his two children to New York for a personal interview. Plaintiff alleges that he had custody of his children at that time, and had been residing in Kansas with his children. According to the Complaint, Plaintiff brought his children to New York, where they were privately interviewed by Srivastava. The next morning, Plaintiff appeared in Suffolk County Supreme Court for a hearing regarding his divorce to Rishiraj. At this hearing Supreme Court Justice John C. Bivona allegedly seized Plaintiff's children without a hearing. Subsequently, a two week hearing was held regarding custody of Plaintiff's children. After an in-camera proceeding conducted between Justice Bivona and Srivastava with the children, Justice Bivona awarded custody to Rishiraj.

In November of 2002, Plaintiff was scheduled to testify again regarding custody of his children. On the Friday before his scheduled appearance, Plaintiff states that he received a fax from Suffolk County Supreme Court stating that all of the outstanding motions on Plaintiff's case had been decided. Plaintiff claims he called Justice Bivona's clerks numerous times to request an adjournment of the appearance date, but his requests were denied on the day before his scheduled appearance. The Complaint alleges that Plaintiff failed to appear for the scheduled conference because he could not afford to fly to New York, and would not have had enough time to drive to New York for the conference scheduled for the next day. Justice Bivona entered a default judgment against the Plaintiff. Plaintiff was ordered to pay $5,000 to Srivastava, $5,000 to the opposing attorney, and $4,000 for "financial forensics."

In or about June 2005, Rishiraj filed a petition alleging that Plaintiff willfully failed to obey an order of support, and seeking a money judgement for missed payments. A hearing was held on June 17, 2005 before Magistrate Aletha Fields-Ferraro. At this hearing, Suffolk County Support Collection Unit ("SCU") allegedly gave false testimony against Plaintiff, which led to Plaintiff being found in willful violation of the court's orders. After the Honorable Jeffrey Spinner confirmed Magistrate Fields-Ferraro's willful violation order, Plaintiff was arrested by the Suffolk

County Sheriff's Department. On January 30, 2007, the Appellate Division for the Second Department reversed the lower court holding on June 17, 2005, stating that the record did not support a finding that the Plaintiff had willfully violated his order of support.

On February 15, 2008, Plaintiff claims that SCU and the New York State Department of Taxation and Finance unlawfully seized his life insurance policy, issued by AXA Equitable Life Insurance Company, in the amount of $5,026.54 for falsely-created child support arrears. On March 6, 2008, SCU sent a restraining Notice pursuant to CPLR § 5222 to Plaintiff's bank, Wachovia, and placed a freeze on Plaintiff's bank account in the amount of $8,141.07. Plaintiff claims that both of these actions were taken in violation of the January 2007 Appellate Division order.

In late April 2008, Plaintiff filed another petition to have his child support payments modified. Plaintiff requested downward modification to reflect (1) that he retained custody of his children from June 2001 to April 2002, (2) his unemployment status from February 2002 to March 2003, and (3) his current salary for $12,000 per year. On June 3, 2008, Magistrate Fields-Ferraro dismissed the Plaintiff's petition, finding that Plaintiff failed to raise new issues that were not already decided; therefore, res judicata barred his petition.

In this case, Plaintiff claims that many New York State judges, including Justice Bivona, rule against non-custodial

parents, such as the Plaintiff, because they have a financial interest in the outcome.[1] Plaintiff claims that he is entitled to child support modification because child support was originally calculated when he was making $27,000 per year, but has subsequently been terminated from his job. Plaintiff additionally alleges that he should have received a credit for the child support payments he gave Rishiraj while the two children were in his custody. Further, Plaintiff claims that the foregoing proceedings violated his due process rights, and seeks to recover for those violations pursuant to 42 U.S.C. §§ 1983 and 1985 (respectively "Section 1983" and "Section 1985"). Finally, Plaintiff asserts claims pursuant to 15 U.S.C. § 1692e(2), Article I, Sections 1, 2, 5, 6, 11 and 12 of the New York State Constitution, malicious prosecution, malicious abuse of process, wrongful arrest, and intentional and/or negligent infliction of emotional distress.

STANDARD OF REVIEW

I. Standard of Review

A. Rule 12(b)(1)

A defendant may move to dismiss pursuant to Rule 12(b)(1) by attacking the complaint on its face and alleging that a

---

[1] He also claims a more wide-spread problem, alleging that many other judges attempt to increase collections and enforcement of cases through child support and alimony awards to safeguard their pensions and salaries. According to Plaintiff, Justice Bivona refused to grant Plaintiff's motion for child support modification because of Justice Bivona's desire to safeguard his pension and salary.

plaintiff failed to allege facts supporting subject matter jurisdiction, or he can argue that based on the facts alleged, jurisdiction lacks. Tasini v. N.Y. Times Co., Inc., 184 F. Supp. 2d 350, 353 (S.D.N.Y. 2002). When a defendant claims a plaintiff failed to allege facts required for jurisdiction, a "court should review the complaint, deeming all averments as true, for sufficiency." Id. at 457. If a defendant factually challenges allegations in a complaint, a court "may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question." Araujo v. John Hancock Life Ins. Co., 206 F. Supp. 2d 377 (E.D.N.Y. 2002) (citations omitted).

Truth of the allegations in the complaint is not presumed, but "rather, the burden is on the plaintiff to satisfy the Court, as fact-finder, of the jurisdictional facts." Tasini, 184 F. Supp. 2d at 353-54 (quoting Guadagno v. Wallack Ader Levithan Assoc., 932 F. Supp. 94, 95 (S.D.N.Y. 1996), aff'd, 125 F.3d 844 (2d Cir. 1997) (citations omitted)).

B. Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must satisfy a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The Complaint "must be enough to raise a right to relief

above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). The Court does not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

In applying this standard, the district court must accept the factual allegations set forth in the Complaint as true and draw all reasonable inferences in favor of Plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Additionally, the Court is confined to "the allegations contained within the four corners of the complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) However, the Court may examine "any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference" as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002). "Of course, it may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991).

The Court recognizes that pro se plaintiffs are entitled to a more liberal pleading standard. Nonetheless, pro se plaintiffs must still comport with the procedural and substantive rules of law. See Colo. Capital v. Owens, 03-CV-1126, 2005 U.S.

Dist. LEXIS 5219, at *9 (E.D.N.Y. Mar. 16, 2005).

DISCUSSION

I. Defendants' Motions to Dismiss

  A. Plaintiff's Claims are Barred by the Rooker-Feldman Doctrine

The Court holds that the majority of Plaintiff's claims are barred by the Rooker-Feldman doctrine. Coalescing the Supreme Court's holdings in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983) and Rooker v. Fidelity Trust Co. 263 U.S. 413, 414-17, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923), the Rooker-Feldman doctrine prohibits federal district courts from considering collateral attacks to state court judgments.

There are four requirements for the application of the Rooker-Feldman doctrine: (1) the federal-court Plaintiff must have lost in state court; (2) the Plaintiff's injuries must be caused by the state court judgment; (3) the Plaintiff's claims must invite the district court to review and reject the state court judgment; and (4) the state-court judgment must have been rendered prior to the commencement of the district court proceedings. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

Here, the Plaintiff lost in the state court proceedings conducted by Justice Bivona and Magistrate Fields-Ferraro. All of the Plaintiff's injuries were caused by the state court judgments. Plaintiff's claims regarding the child custody and child support

9

orders are barred by the Rooker-Feldman doctrine. These claims arise out of state court orders. Plaintiff complains that he was injured by the state court decisions, and now asks that the Court review and reject these orders. The Court cannot do so.

    B.    <u>Eleventh Amendment Immunity</u>

Pursuant to the Eleventh Amendment, federal courts lack subject matter jurisdiction to hear Section 1983 claims for legal or equitable relief brought "against unconsenting states and state agencies." <u>Preston v. New York</u>, 223 F. Supp. 2d 452, 468 (S.D.N.Y. 2002); <u>see</u> <u>also</u> <u>Burnette v. Carothers</u>, 192 F.3d 52, 57 (2d Cir. 1999) (holding that Eleventh Amendment immunity "extends to state agencies and to state officers who act on behalf of the state").

Here, the State of New York, Attorney General Andrew Cuomo, Magistrate Fields-Ferraro, Justice Bivona and the Clerk of the Suffolk County Family Court are immune from prosecution under the Eleventh Amendment. <u>See</u> <u>Tarka v. Armstrong</u>, 106 Fed. Appx. 747, 747 (2d Cir. 2004); <u>Diaz v. Pataki</u>, 368 F. Supp. 2d 265, 271 (S.D.N.Y. 2005). Thus, Plaintiff's claims for monetary damages against the Attorney General, Family Court Support Magistrate Fields-Ferraro, Justice Bivona, and the Clerk of the Suffolk County Family Court are barred by eleventh amendment immunity.

Although Plaintiff may seek injunctive relief from these Defendants, Plaintiff's Complaint fails to state a cognizable claim entitling Plaintiff to injunctive relief.

C. <u>Judicial Immunity</u>

The doctrine of judicial immunity additionally bars Plaintiff's claims against Justice Bivona, Magistrate Fields-Ferraro and the Clerk of the Suffolk County Family Court. It is well-settled that judges are subject to suit only for (1) "non-judicial actions, <u>i.e.</u>, actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of all jurisdiction." <u>Mireles v. Waco</u>, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); <u>see</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Judicial immunity applies to all judges and extends to other individuals engaged in a judicial function, that is the "performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights," <u>Burns v. Reed</u>, 500 U.S. 478, 498-502, 111 S. Ct. 1934, 1946-47, 114 L. Ed. 2d 547 (1991). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." <u>Mireles</u>, 502 U.S. at 11 (quoting <u>Stump</u>, 435 U.S. at 356).

Here, Plaintiff's claims stem from proceedings which the named Judges had the authority to preside over. Because the judges did not act outside of their jurisdiction, these Defendants are immune from suit.

11

D. <u>Plaintiff Fails to State a Section 1983 or Section 1985 Claim</u>

Section 1983 provides a means of redress for constitutional violations by persons acting under color of state law. This statute does not create a substantive right; rather to recover, a Plaintiff must establish the deprivation of a separate, federal right. <u>See</u> <u>Thomas v. Roach</u>, 165 F.3d 137, 142 (2d Cir. 1999). Complaints that allege Section 1983 violations must have specific allegations of fact that indicate that a deprivation of statutory or constitutional rights occurred. <u>See</u> <u>id.</u>; <u>Humpherys v. Nager</u>, 962 F. Supp. 347, 351 (E.D.N.Y. 1997). Moreover, "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite . . . under § 1983." <u>Provost v. City of Newburgh</u>, 262 F.3d 146, 154 (2d Cir. 2001) (internal quotation marks and citations omitted).

In relevant part, the statute provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Plaintiff's Complaint fails to set forth a cognizable claim under Section 1983 against any of the Defendants. Plaintiff fails to set forth that a constitutional right was violated under color of state law. Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995) (quoting Batista v. Rodriquez, 702 F.2d 393, 397 (2d Cir. 1983)); see also Monell v. Dep't of Social Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). Plaintiff fails to allege that the municipality defendants had an official policy or custom that violated Plaintiff's rights.

Similarly, the Complaint does not state a claim under Section 1985, which prohibits two or more persons from conspiring to deprive another of certain rights and privileges. Again, Plaintiff has not indicated what constitutional right he has been deprived of, nor how the Defendants conspired with each other to deprive Plaintiff of that right.

E.  <u>Plaintiff's Complaint Fails to Satisfy Rule 8</u>

It is well-settled that the Court is required to read the Plaintiff's <u>pro</u> <u>se</u> Complaint liberally. <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (stating that <u>pro</u> <u>se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). In addition, the Court must weigh the factual allegations in the Complaint in favor of Plaintiff. <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. <u>See</u> <u>Hughes</u>, 449 U.S. at 10.

As this Court stated in its prior dismissal orders, Plaintiff's Complaint fails to state a cognizable claim against several Defendants. There are no allegations that Defendant Wachovia Bank, Rishiraj, AXA Equitable, or Srivastava violated a constitutional or any other right as to Plaintiff.

<u>CONCLUSION</u>

For the reasons stated above the Court GRANTS the Defendants' motions to dismiss. The Clerk of the Court is hereby directed to terminate all other pending motions in this matter and mark this matter CLOSED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore <u>in</u>

forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

                                      SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
           March 31, 2009